**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNIQUE PRODUCT ) <br> SOLUTIONS, LIMITED ) <br> c/o BDB AGENT CO. ) <br> 3800 Embassy Parkway, Suite 300 ) <br> Akron, Ohio 44333 ) <br> ) <br>     Relator ) <br> ) <br> vs. ) <br> ) <br> AGRIMAR CORPORATION ) <br> 5634 Atlanta Highway, Suite 200 ) <br> Flowery Branch, GA 30542 ) <br> ) <br>     Defendant. ) | CASE NO.: <br><br> JUDGE: <br><br><br><br><br> COMPLAINT AND JURY DEMAND |

**COMPLAINT AND JURY DEMAND**

*Qui tam* relator Unique Product Solutions, Limited ("UPS"), for its Complaint against Defendant Agrimar Corporation (the "Defendant"), alleges as follows:

**BACKGROUND**

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. Defendant has violated 35 U.S.C. § 292(a) by using invalid and unenforceable patent rights in product labels and advertising with the purpose of deceiving the public. More specifically, the Defendant has marked upon, affixed to, and/or used in advertising in connection with such products the word "patent" and/or words or numbers importing that the product is patented, while Defendant knew that the articles were improperly marked. *See, The Forest Group, Inc. v. Bon Tool Co.*, 590 F.2d 1295, 1302-04

1

(Fed. Cir., 2009).

3. 35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

4. False marking deters innovation and stifles competition in the marketplace. More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

5. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6. False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7. False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8. False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9. False markings may also create a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10. 35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any

person on behalf of the United States government. By permitting members of the public to sue on behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

## THE PARTIES

11. UPS is an Ohio limited liability company with a mailing address of BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio 44333.

12. UPS exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13. In this action, UPS represents the United States and the public, including Defendant's existing and future competitors.

14. Upon information and belief, Agrimar Corporation is a Delaware corporation with its principal place of business at 5634 Atlanta Highway, Suite 200, Flowery Branch, GA 30542.

15. Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, regularly conducts and transacts business throughout the United States, including in Ohio and within the Northern District of Ohio.

## JURISDICTION AND VENUE

16. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over the Defendant. Defendant has conducted and does conduct business within the State of Ohio. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern

District of Ohio.

18. Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio. Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action is advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20. UPS brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

**FACTS**

21. UPS incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

23. Upon information and belief, Defendant is a relatively large and sophisticated company and has years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, marking products with patents, and/or using in advertising the word "patent" or other words or numbers importing that a product is patented .

4

24. Upon information and belief, Defendant maintains, or its intellectual property counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

25. Defendant knows, or reasonably should know, that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

26. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

27. Defendant's false marking of products has wrongfully stifled competition with respect to such products thereby causing harm to UPS, the United States, and the public.

28. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

29. Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1
## FALSE MARKING

30. The application for United States Patent No. 4,023,734 (the "'734 Patent"), titled *Method and apparatus for communiting marine algae and the resulting product,* was filed on October 15, 1975 and issued by the United States Patent and Trademark Office ("USPTO") on May 17, 1977. See Exhibit A.

31. The '734 Patent expired no later than October 15, 1995.

32. Upon information and belief, Defendant knew that the '734 Patent expired at least as

5

early as 1995.

33.	As of August 26, 2010, Defendant continues to mark the '734 Patent upon the labeling for the following products (collectively, the "Falsely Marked Products") which are made, used, offered for sale, distributed or sold by Defendant in the United States, despite the fact that the '734 Patent expired over 14 years ago: (i) GOËMAR RhizoPhos; (ii) GOËMAR CitriFlo; and (iii) GOËMAR MZ "O". *See* Exhibit B (Product labels and advertisements for the Falsely Marked Products contained on Defendant's website can be retrieved at http://www.agrimar.biz/products.php (last retrieved August 26, 2010)).

34.	Defendant continues to use the '734 Patent, or the word "patent" and/or words or numbers importing that the product is patented, in advertising in connection with Falsely Marked Products.

35.	Defendant knew or should have known that use of an expired and invalid patent in advertising of the Falsely Marked Products and marking the Falsely Marked Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

36.	Defendant intended to deceive the public by marking upon the Falsely Marked Products and/or the labeling of the Falsely Marked Patents a patent that expired over 14 years ago.

37.	Defendant intended to deceive the public by using a patent that expired over 14 years ago in advertising in connection with the Falsely Marked Products.

38.	Defendant marked the Falsely Marked Product with the '734 Patent and/or used the '734 Patent in advertising of the Falsely Marked Products, while Defendant knew the '734 Patent expired more than 14 years ago, with the intent to deceive the public.

6

## **PRAYER FOR RELIEF**

WHEREFORE, Relator, Unique Product Solutions, Limited requests the Court, pursuant to 35 U.S.C. § 292, to:

A.    Enter judgment against Defendant and in favor of UPS for the violations alleged in this Complaint;

B.    Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with Defendant, from further violating 35 U.S.C. § 292 by marketing, selling or offering for sale any product that is marked (including packaging) with the '734 Patent;

C.    Enter an injunction ordering Defendant to recall all products, including, without limitation, the Falsely Marked Products, that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with the '734 Patent, after the expiration date of said patent;

D.    Order Defendant, jointly and severally, to pay a civil monetary fine of up to $500 per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to UPS;

E.    Enter a judgment and order requiring Defendant to pay UPS prejudgment and post-judgment interest on the damages awarded;

F.    Order Defendant to pay UPS's costs and attorney fees; and

G.    Grant UPS such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED: August 26, 2010                    Respectfully submitted:

*/s/ David J. Hrina*
Mark J. Skakun, III (No. 0023475)
David J. Hrina (No. 0072260)

BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLP
3800 Embassy Parkway
Suite 300
Akron, OH 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559

Counsel for Plaintiff
Unique Product Solutions, Limited

«AK3:1038980_v1»